Roddy v Roddy (2018 NY Slip Op 03225)





Roddy v Roddy


2018 NY Slip Op 03225


Decided on May 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2018

Sweeny, J.P., Richter, Webber, Gesmer, Moulton, JJ.


35007/07 6365N 

[*1] James C. Roddy, Jr., Plaintiff-Appellant,
v
Katherine Roddy, Defendant-Respondent.


Elayne Kesselman, New York, for appellant.
Pryor Cashman LLP, New York (Donald Lockhart Schuck of counsel), for respondent.



Order, Supreme Court, New York County (Lori S. Sattler, J.), entered August 31, 2007, which, to the extent appealed from as limited by the briefs, granted defendant's motion to reject the recommendation of the special referee that plaintiff not be required to reimburse her for counsel fees, and directed that plaintiff pay a portion of defendant's counsel fees, unanimously reversed, on the law, without costs, and the motion denied.
The Domestic Relations Law permits the court to direct a party to pay counsel fees "to enable the other party to carry on or defend the action or proceeding as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties" (Domestic Relations Law § 238; see also Domestic Relations Law § 237[b]). These provisions are intended "to ensure a just resolution of the issues by creating a more level playing field with respect to the parties' respective abilities to pay counsel. . . [and] permit[] consideration of many factors, but focus[] primarily upon the paramount factor of financial need" (Silverman v Silverman, 304 AD2d 41, 48 [1st Dept 2003]; Wells v Serman, 92 AD3d 555, 555 [1st Dept 2012] [an award of counsel fees under these provisions "cannot be made merely to punish a party" for its litigation conduct]). Where a party's inappropriate litigation conduct has adversely affected the other party but both are able to pay their own counsel fees, the appropriate remedy may be a sanction (22 NYCRR 130-1.1), not an award of attorneys' fees (Silverman v Silverman, 304 AD2d at 48-49).
The court awarded legal fees to defendant based upon its consideration of the merits of plaintiff's positions in the parties' custody litigation. In particular, the court noted that plaintiff had failed to respond to or comply with requests by the Administration for Children's Services during an investigation prior to its commencement of a proceeding under article 10 of the Family Court Act that was eventually consolidated with the parties' custody proceedings and ultimately dismissed. However, the court also adopted the special referee's findings that neither party was the "monied spouse," that each was capable of paying his or her own counsel fees, and that both [*2]parties are genuinely concerned for and "deeply care about their children." Under these circumstances, the award of counsel fees under the Domestic Relations Law was improper (Wells v Serman, 92 AD3d 555).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 3, 2018
CLERK